This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

Faint

Mailed:  May 16, 2012

Opposition No. 91182207
Opposition No. 91184467

Johnson & Johnson and Roc
International S.A.R.L.

v.

Obschestvo s Ogranitchennoy;
Otvetstvennostiu WDS

**Before Quinn, Holtzman and Ritchie,**
**Administrative Trademark Judges.**

**By the Board:**

This case now comes up on opposer/counterclaim respondent's ("J&J") motion, filed July 27, 2011, to dismiss applicant/counterclaim petitioner's ("OsO") counterclaim for partial cancellation of J&J's Registration No. 1015041 under Fed. R. Civ. P. 12(b)(6).  The motion is fully briefed.

By way of background, on June 27, 2011, the Board held a telephone conference with the parties and subsequently issued an order granting OsO's motion for leave to amend its answers in Opposition Nos. 91182207 and 91184467 to add a counterclaim. By its counterclaim, OsO invokes Section 18 of the Trademark

Act, 15 U.S.C. § 1068,[1] and seeks partial cancellation of J&J's registration as to three of the goods in Class 3, namely, skin powder, rouge and liquid foundation, on the ground of abandonment due to nonuse without an intent to resume use of the mark for those goods.  J&J filed this motion to dismiss in lieu of filing an answer to the counterclaim.

In support of its motion to dismiss, J&J, relying on *DAK Industries Inc. v. Daiichi Kosho Co.*, 35 USPQ2d 1434 (TTAB 1995), contends that the counterclaim is legally insufficient because OsO's counterclaim is "premised *solely* on [Trademark Act] Section 18 and Sections 309.03(d) and 313.01 of the… TBMP … and fails to plead avoidance of likelihood of confusion…." (J&J's mot. at pp. 2 and 4, emphasis in original).[2]  In its

---

[1] Section 18 of the Lanham Act, 15 U.S.C. § 1068 provides:
> **§ 1068. Action of Director in interference, opposition, and proceedings for concurrent use registration or for cancellation**
>
> In such proceedings the Director may refuse to register the opposed mark, may cancel the registration, in whole or in part, may modify the application or registration by limiting the goods or services specified therein, may otherwise restrict or rectify with respect to the register the registration of a registered mark, may refuse to register any or all of several interfering marks, or may register the mark or marks for the person or persons entitled thereto, as the rights of the parties under this chapter may be established in the proceedings….

[2] Contrary to the essential point in J&J's argument, that the counterclaim is deficient because it fails to allege that likelihood of confusion will be avoided, TBMP § 313.01 (3d ed. 2011) provides, in relevant part, that "a counterclaim to delete goods or services from the registration on the ground that registrant does not use the mark on those goods or services and has no intent to resume use, without regard to likelihood of confusion, is a straightforward abandonment claim *and not a claim under Trademark Act § 18*, 15 U.S.C. § 1068 and in such case,

response, OsO explains its reliance on Section 18. OsO argues that Section 18 is the sole source of the Board's authority to grant the remedy of partial cancellation of a mark and that *DAK Industries* "never states or implies that a 'straightforward' abandonment claim is *not* also a claim pursuant to Section 18." (OsO's resp. at p. 7, emphasis in original).

A motion to dismiss under Rule 12(b)(6) is a test of the sufficiency of the complaint. To survive a motion to dismiss, a petitioner or, as in this case, counterclaim petitioner, need only allege sufficient factual matter as would, if proved, establish that 1) petitioner has standing to maintain the proceeding, and 2) a valid ground exists for cancelling the mark, in whole or in part, as may be applicable. *Lipton Industries, Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 213 USPQ 185, 187 (CCPA 1982). Specifically, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In the context of *inter partes* proceedings before the Board, the claimant must plead factual content that allows the Board to draw a reasonable inference that the petitioner has standing and that a valid ground for

---

counterclaimant need not allege that a likelihood of confusion will be avoided through the restriction." TBMP § 313.01 (emphasis added). TBMP § 309.03(d) contains a similar provision.

cancellation exists. *Cf. Bell Atlantic v. Twombly*, 550 U.S. at 556. In particular, the claimant must allege well-pleaded factual matter and more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," to state a claim plausible on its face. *Iqbal*, 556 U.S. 662, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 555).

Here, OsO's allegation of standing is based on its position as defendant in the oppositions. This is sufficient to plead its standing. *See Ohio State University v. Ohio University*, 51 USPQ2d 1289, 1293 (TTAB 1999).

We now turn to the sufficiency of the counterclaim, and note that both parties misapprehend the real issue regarding the sufficiency of OsO's pleading of the counterclaim. Notwithstanding OsO's invocation of Section 18 in its counterclaim, and OsO's argument that Section 18 is the only source of the Board's authority to effect the remedy of partial cancellation, OsO's counterclaim of abandonment is sufficient without reference to Section 18. To the extent that J&J is asserting that the counterclaim does not set forth a proper pleading under Section 18 because it does not include an allegation that granting the counterclaim will help avoid a likelihood of confusion, the assertion is inapposite because, as noted, this particular counterclaim

4

for partial abandonment does not require reference to Section 18.

We find the counterclaim is sufficient as a claim of partial abandonment, which does not require any reference to avoidance of a likelihood of confusion. OsO has sufficiently pleaded a ground for partial cancellation by alleging abandonment of the mark as to particular goods through nonuse with no intent to resume use. *See DAK Industries*, 35 USPQ2d at 1438. *See also Otto International, Inc. V. Otto Kern GmbH*, 83 USPQ2d 1861, 1863 (TTAB 2007) (pleading of abandonment must set forth *prima facie* case by pleading either at least three consecutive years of non-use, or facts that show period of non-use less than three years coupled with pleading of defendant's intent not to resume use).

Section 18 provides, among other powers, the power to "cancel the registration in whole or in part," to "modify the application or registration by limiting the goods or services specified therein" and to "otherwise restrict or rectify with respect to the register the registration of a registered mark." *DAK Industries* explains, however, that a party can seek partial cancellation of a registration on a theory of abandonment as to discrete goods or services, without the need to resort to Section 18, contrary to OsO's contention. *DAK Industries,* at 1437-38 ("Because applicant seeks to strike from opposer's

registration goods specifically listed therein, applicant need not plead (as was required in *Eurostar*) that a finding of likelihood of confusion will be avoided by the restriction it seeks."). *DAK Industries* also clarified that a party asserting a Section 18 claim, or counterclaim, must include an allegation that confusion would be avoided only when it seeks to "modify" or "restrict" the identification of goods or services, rather than where, as here, the party seeks to have discrete goods or services deleted on a theory of abandonment. *Id.*

OsO's contention that Section 18 is the "sole source" of authority for granting the remedy of partial cancellation is plainly at odds with the instruction of *DAK Industries*. While Section 18 provides the authority to partially cancel, restrict or modify a registration, it must be construed together with the other statutory sections, such as Section 14. For instance, the Board has authority under Section 14 to cancel part of a registration when use of a mark has been abandoned for specific goods or services listed in the identification, or to cancel part of a registration when a mark becomes a generic term for some, but not all, goods or services in a registration.

In *Selfway, Inc. v. Travelers Petroleum, Inc.*, 579 F.2d 75, 198 USPQ 271, 276 (CCPA 1978), the predecessor of our primary reviewing court indicated that the power to cancel provided for in Section 18 must be presumed to be exercised in

a Section 14, or cancellation, proceeding.  The Court went on to interpret Section 18 as providing that the Commissioner (now Director) may *cancel* a registration as the result of a cancellation proceeding. *Id.* at 276-77.  Although the Court held that Section 18 did not grant the USPTO power to cancel a registration in part, but only in its entirety, Congress subsequently amended Section 18 to permit the USPTO to allow for partial cancellation.  Applying the Court's reasoning to the case at hand, Section 14 necessarily includes the authority to cancel the registration in part.  Thus, while Section 18 allows the Board to consider claims it could not entertain in an opposition under Section 13 or a cancellation under Section 14, for example, a restriction in a concurrent use case, or the entry of a modification to an identification of goods where the modification would avoid a likelihood of confusion, it does not change the statutory basis for cancellation where a valid ground for cancellation exists, such as a partial abandonment under Section 14, as is the case here.[3]

Accordingly, J&J's motion to dismiss OsO's counterclaim of partial cancellation of specific goods in the registration due to abandonment is denied.

---

[3] Our decision in *Montecash LLC v. Anzar*, 95 USPQ2d 1060 (TTAB 2010) is not to the contrary.  There the Board considered whether Section 18 provides for entry of a disclaimer as an equitable remedy where a registration is more than five years old.  The Board held that it does not so provide, because to do so would mean that Section 18 conflicts with Section 14(3) of the Lanham

Proceedings are resumed and dates are reset as set out below. Discovery has closed, and J&J's answer to the counterclaim is due as noted.

| | |
|---|---|
| Answer to Counterclaim Due: | June 15, 2012 |
| Discovery Closes: | **CLOSED** |
| Plaintiff's Pretrial Disclosures Due: | July 30, 2012 |
| 30-day testimony period for plaintiff's testimony to close: | September 13, 2012 |
| Defendant/Counterclaim Plaintiff's Pretrial Disclosures Due: | September 28, 2012 |
| 30-day testimony period for defendant and plaintiff in the counterclaim to close: | November 12, 2012 |
| Counterclaim Defendant's and Plaintiff's Rebuttal Disclosures Due: | November 27, 2012 |
| 30-day testimony period for defendant in the counterclaim and rebuttal testimony for plaintiff to close: | January 11, 2013 |
| Counterclaim Plaintiff's Rebuttal Disclosures Due: | January 26, 2013 |
| 15-day rebuttal period for plaintiff in the counterclaim to close: | February 25, 2013 |
| Brief for plaintiff Due: | April 26, 2013 |
| Brief for defendant and plaintiff in the counterclaim due: | May 26, 2013 |
| Brief for defendant in the counterclaim and reply brief, if any, for plaintiff due: | June 25, 2013 |
| Reply brief, if any, for plaintiff in the counterclaim due: | July 10, 2013 |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits,

---

Act. *Id*. at 1065. The case at hand does not involve a conflict between Section 18 and Section 14.

must be served on the adverse party within thirty days after completion of the taking of testimony.  Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

***